*HERMAN AND CO. vs. PFISTER—MERLE INTERVENING.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If a petition in intervention be answered on the merits and the cause tried in relation to them, the right of the party to intervene cannot be questioned on appeal.

Holders of negociable instruments are not required to prove the consideration they gave for them unless specially called on to do so, by that consideration being denied in the answer.

Eastern District,
June 1831.

HERMAN & CO.
vs.
PFISTER.
*Merle intervening*

, The defendant purchased a lot of ground for the price of $6000, for which he executed four notes, secured by mortgage on the property. Two of those notes, amounting to $2000, were transferred to the plaintiffs, who obtained an order of seizure, under which the property was sold for $4005. The sheriff made return that the purchaser had refused to pay the price, because the incumbrance on the property amounted to $6000, which incumbrance he was unable to remove; and that he was forbidden by law to receive any portion of the price, except that over and above the price. Pending a rule taken on the sheriff to shew cause why he should not pay over to the plaintiffs the amount of their debt out of the proceeds of the property sold, Merle intervened, and claimed two-thirds of the proceeds of the mortgaged property, as holder of the other two notes, amounting to $4000, given by the defendant to secure the price.

The court *a quo* was of opinion that the plaintiffs and the intervening party were creditors *in solido*, and decreed that the proceeds of the property sold be distributed between them in proportion to their respective debts. From this judgment the plaintiffs appealed.

*Dennis* for appellant.

*Eustis* for intervening party.

*Porter, J.* delivered the opinion of the court.

The defendant purchased from one Dupeux a lot of ground for $6000, and gave, to secure the payment, four notes; two in favour of the intervener, for the first and last instalments, of $2000 each; and two in favour of Gottchalk & Rhimer,

Eastern District,
June 1831.

HERMAN & CO
vs.
PFISTER.
Merle intervening

for the second instalment, one being for $1500, and the other for $500.

These notes were endorsed by the respective payees. The plaintiffs are holders of those given for the second instalment, which were payable to Gottschalk & Reimer. They were transferred to the plaintiffs, in the usual course of trade, and the transferror, Dupeux, afterwards made an authentic act, by which he acknowledged the transaction, and set over to the transferrees all his title in the notes, together with all right of mortgage which belonged to the debt for which these notes were given.

In virtue of this assignment the plaintiffs commenced an hypothecary action, and proceeded to sell the lot of ground which formed the consideration of obligations in their possession. After the sale, by which the sum of $4005 came into the sheriff's hands, that officer refused to pay over to the plaintiffs the sum due to them, alleging that there was an incumbrance on the property, to the amount of $6000, which he was unable to remove, and that he was forbidden by law to raise any portion of the price except that, over and above the mortgages.

Upon which, Merle, who was the payee and endorser of the notes given for the first and last instalment intervened, and by a petition asserted that he was holder of these notes, and had a right to two-thirds of the proceeds of the sale of the mortgaged property, then in the sheriff's hands.

If a petition in intervention be answered on the merits and the cause tried in relation to them, the right of the party to intervene cannot be questioned on appeal.

The plaintiffs answered this demand by a general denial, and the parties went to trial on the issue thus joined. The court below sustained the claim of the interveners, and the plaintiffs appealed.

It has been objected that the appellee's rights can be inquired into, as he should have made opposition in the character of *a third person*, and not as intervener.

We think this objection cannot be made here, as the plaintiffs answered the petition of intervention on the merits, and went to trial in relation to them, in the court below.

It has been also urged, that the appellee has not proved the consideration he gave for the notes in his possession. They were made payable to him in the first instance, to facilitate their negotiation. They were negotiated, as appears by endorsements made on them, and the endorser being now the holder, they must be presumed to be in his hands rightfully, and because he was compelled to take them up. Holders of negotiable instruments are not required to prove the consideration they gave for them, unless specially called on to do so by that consideration being denied in the answer. This case does not come within the rule established in relation to instruments which the holder has once negotiated, and has taken up. The endorser in the present instance never transferred them; he put his name on them, for the accommodation of the maker.

As to the objection made on the ground that the party who pays part of a debt for which he is bound for another, cannot be subrogated to the injury of the creditors' rights for the balance remaining due, we do not see how it applies to this case. The original creditor is not before the court; both plaintiffs and intervener claim through him, and every objection of this kind applies as forcibly to the one as to the other.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.